IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Scores Holding Company, Inc. | § | |
| a Utah Corporation | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CASE NO. |
| | § | |
| | § | |
| Rude Dog II, Inc., a Texas Corporation | § | |
| d/b/a Scores Cabaret | § | |
| | § | |
| DEFENDANT | § | |

**ORIGINAL COMPLAINT**

Plaintiff, Scores Holding Company, Inc. ("Scores" or "Plaintiff"), files this Original Complaint against Defendant, Rude Dog II, Inc. d/b/a Scores Cabaret ("Cabaret" or "Defendant"), and for cause would show the Court as follows:

**JURISDICTION, PARTIES, AND VENUE**

1. The Court has subject matter jurisdiction over this controversy under 28 U.S.C. §§ 1331 and 1338(a) because it is a civil action involving a federal question related to claims or unfair competition arising under the Lanham Act, Title 15 of the United States Code. The Court has original jurisdiction over this controversy under 15 U.S.C. § 1121 because it is a civil action involving unfair competition pursuant to 15 U.S.C. § 1125. The Court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367(a).

2. The Court has personal jurisdiction over Defendant because the Defendant is

conducting business in the State, Defendant operates in the State and judicial district. The acts of trademark infringement, trademark dilution and unfair competition are occurring in this State, and Defendant should reasonably anticipate being hauled into court in this State.

3.      Plaintiff, Scores Holding Company, Inc. is a corporation organized and existing under the laws of the state of Utah with an office and principal place of business at 533-535 West 27th Street, New York, NY 10001.

4.      On information and belief, Defendant, Rude Dog II, Inc. operates a business at 9850 West Park, Houston, Texas. Defendant regularly transacts business in this State and in this District and has committed a tort in part or in whole in this State and this District.

5.      Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b), (c) and (d) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and because Defendant is subject to personal jurisdiction in this District.

## NATURE OF ACTION

6.      Plaintiff seeks injunctive relief, damages and a declaratory judgment based upon Defendant's unfair competition with Plaintiff arising from Defendant's willful infringement and dilution of Plaintiff's trademarks. Defendant's willful infringement has impacted both upon Plaintiff's rights directly as well as Plaintiff's ability to maintain consumers.

## BACKGROUND FACTS

7.      Scores was founded in 1991 in New York, New York. Since that time, Scores has been licensing its SCORES trademarks to fine gentlemen's nightclubs with adult entertainment in

the United States. Specifically, there are SCORES in New York, Maryland, Louisiana, Illinois, and Florida.

8.      Scores is the worldwide owner of the trademark "SCORES" and various composite trademarks (collectively "Scores Marks"). Scores Marks include *but are not limited to* the following marks:

| MARK | U.S. REGISTRATION NO(S). | REGISTRATION DATE |
|---|---|---|
| SCORES | 1,830,135 | 4/12/94 |
| SCORES NEW YORK | 1,830,405 | 4/12/94 |
| SCORES SHOWROOM | 1,855,829 | 9/27/94 |
| SCORES Collection | 3,137,609 | 9/5/06 |

3

| | | |
|---|---|---|
| SCORESMall.com | 3,052,834 | 1/31/06 |

9. Plaintiff's Scores Marks are highly recognized by the public and serve to identify the source of the goods and services as belonging to Scores.

10. Due to Scores' long use, profitability, and significant advertising and promotional activities, the Scores Marks have achieved widespread acceptance and recognition among the consuming public and trade throughout the United States. The arbitrary and distinctive Scores Marks identify Scores as the source/origin of the goods and services on which they appear.

11. Upon information and belief, Defendant is using "SCORES" in connection with providing services in a competitive or at least similar field as the Plaintiff. Specifically, Defendant owns and operates a gentlemen's club, Scores Cabaret, in Houston, Texas.

12. Defendant is not authorized by Plaintiff to use any of their registered trademarks.

## COUNT I

## FEDERAL UNFAIR COMPETITION

13. Plaintiff repeats and re-alleges the allegations contained in Paragraph 1 through 12 as if fully set forth herein:

14. The acts of Defendant complained of constitutes the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent Defendants' services as those of Plaintiff in violation of Section 43(a) of he Lanham Act, 15 U.S.C. § 1125(a).

## COUNT II

## COMMON-LAW TRADEMARK INFINGEMENT

15.     Plaintiff repeats and re-alleges the allegations contained in Paragraph 1 through 14 as if fully set forth herein.

16.     The acts of Defendant complained above constitute trademark infringement in violation of the common law of the State of Texas.

## COUNT III

## COMMON-LAW UNFAIR COMPETITION

17.     Plaintiff repeats and re-alleges the allegations contained in Paragraph 1 through 16 as if fully set forth herein.

18.     The acts of Defendant complained above constitute unfair competition in violation of the common law of the State of Texas Bus. & Com. Code

## COUNT IV

19.     Plaintiff repeats and re-alleges the allegation contained in paragraphs 1-18 as if fully set forth herein:

20.     The acts of Defendant complained above constitutes trademark dilution in violation of Texas Bus. & Com. Code § 16.29.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Scores Holding Company requests that the Court order the following relief:

1.     That Defendant's acts constitute infringement of Plaintiff's registered trademarks in violation of 15 U.S.C. §1114.

2.     That Defendant's acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or misrepresentations in violation of 15 U.S.C. § 1125(a);

3.     That Defendant be required to account to Plaintiff for all profits resulting from Defendant's infringing activities and that the award to Plaintiff be trebled as provided for under 15 U.S.C. § 1117;

4.     That Defendant has infringed and is infringing Scores Holding Company's right in the "SCORES" mark in violation of the common law and anti-dilution statute of the State of Texas;

5.     That Defendants have unfairly competed with Plaintiff in violation of the common law of the State of Texas;

6.     That the Court enter a permanent injunction ordering the Defendant, their officers, agents, servants, employees, and all persons acting in concert or participation with them who receive actual notice of the Court's order, be enjoined and restrained from:

   a.     Using any reproduction, copy or colorable imitation of the "SCORES" mark or a confusingly similar mark to SCORES to identify any goods or the offering or provision of any services not authorized by Plaintiff;

      b.      Engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Plaintiff's business reputation or dilute the distinctive quality of Plaintiff's "SCORES" mark;

      c.      Using a false designation or representations including words or other symbols tending to falsely describe or represent Defendant's unauthorized goods or services as being those of Plaintiff or sponsored by or associated with Plaintiff and from offering such goods or services in commerce; and

      d.      Attempting, causing, or assisting any of the above-described acts.

7.    That Defendant, within thirty (30) days of judgment herein, file and serve Plaintiff with a sworn statement setting forth in detail the manner and form in which Defendant have complied with this injunction pursuant to 15 U.S.C. § 1116(a);

8.    That Plaintiff have a recovery from Defendant of the costs, disbursement of this action and Plaintiff's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

9.    That Defendant be ordered to pay pre-judgment interest to Scores Holding Company on all amounts awarded and post-judgment interest until paid at the maximum lawful rate;

10.    That the Court retain jurisdiction of this action for the purposes of enabling Scores Holding Company to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action; for the modification of any such order; for the enforcement or compliance therewith; and for the punishment of any violations thereof; and

11. That the Plaintiff have all other and further relief as the Court may deem just and proper under the circumstances.

Dated:  March 15, 2011                                             Respectfully submitted,

**BOULWARE & VALOIR**


By: /s/ Margaret A. Boulware
Margaret A. Boulware
Attorney-in-charge
Texas Bar No. 0611770
S.D. Admissions No. 3411
3 Riverway Drive, Suite 950
Houston, TX 77056
Telephone No. 832-369-7852
Facsimile No. 832-650-6458

ATTORNEYS FOR PLAINTIFF
SCORES HOLDING COMPANY